**ZHEN BAO CHEN, Petitioner,**

**v.**

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–2676–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2007.

G. Victoria Calle, Calle & Lee, LLP, New York, NY, for Petitioner.

Scott A. Verseman, Assistant United States Attorney (Edmond E. Chang, Carole J. Ryczek, Assistant United States Attorneys, on the brief) for Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Bao Chen, a native and citizen of the People's Republic of China, seeks review of an April 21, 2004 order of the BIA affirming the February 26, 2003 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying the petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Bao Chen,* No. A 77 316 731 (B.I.A. Apr. 21, 2006), *aff'g* No. A 77 316 731 (Immig. Ct. N.Y. City Feb. 26, 2003). We assume familiarity with the underlying facts and the specification of issues on appeal.

Although Chen is challenging the denial of relief in "asylum-only" as opposed to removal proceedings, this Court has jurisdiction under 8 U.S.C. 1252(a)(1) because such denial of relief "is the functional equivalent of a removal order." *Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).[1]

Where, as here, the BIA adopts and affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA's decision. *See Bao v. Gonzales,* 460 F.3d 426, 430 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003). In reviewing an adverse credibility determination, our inquiry is "exceedingly narrow" and we afford particular deference to an IJ's conclusions. *Bao,* 460 F.3d at 430 (internal quotation marks omitted); *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 183 (2d Cir.2006). Nonetheless, the IJ or BIA must provide "specific, cogent reasons for rejecting the petitioner's testimony, and we will reverse where the adverse credibility determination is based upon speculation or upon an incorrect analysis of the testimony." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (internal quotation marks omitted).

The IJ here identified several internal inconsistencies in Chen's testimony, as well as inconsistencies between that testimony and his written asylum application. These inconsistencies involved material facts, not minor details, at the center of Chen's claim for asylum based on his alleged forced

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

1. *Kanacevic* concerned an alien who had entered the country under the Visa Waiver Program, 448 F.3d at 133, whereas Chen entered as a stowaway. The same asylum application procedures, however, apply in both cases. *See* 8 C.F.R. § 208.2(c).

sterilization. *Cf. Secaida–Rosales,* 331 F.3d at 308. With regard to important events related to that claim, the IJ found that Chen's testimony was exceedingly vague. The IJ also found that, when he gave Chen the opportunity to elaborate on his responses and address any inconsistencies, Chen was hesitant and ultimately unresponsive. *Cf. Ming Shi Xue v. BIA,* 439 F.3d 111, 122–23 (2d Cir.2006).

The IJ's determination of adverse credibility, therefore, is supported by substantial evidence in the record. Accordingly, we do not find that the BIA erred in denying Chen's application for asylum and withholding of removal on that basis. Because Chen does not raise the denial of CAT relief in his brief before this Court, we decline to address it here.

We also agree with the BIA that there is no merit to Chen's claim that any vagueness or inconsistency in his testimony is attributable to mistakes allegedly made by the interpreter who translated Chen's testimony before the IJ. Chen testified that he understood the interpreter, and his counsel made no contemporaneous objection to the translations provided.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any previously granted stay of removal is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.